UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:25-cv-09682-AH-(PDx) | Date | December 29, 2025 |
| Title | *Mouses Chmbdyon v. Armenian Government* | | |

Present: The Honorable   Anne Hwang, United States District Judge

| Yolanda Skipper | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER TO SHOW CAUSE**

    On October 6, 2025, Plaintiff Mouses Chmbdyon ("Plaintiff") filed a complaint against Defendant Armenian Government ("Government"). Dkt. No. 1. On November 17, 2025, Plaintiff filed a Notice and Acknowledgment of Service containing a declaration that he had "mailed by USPS" the summons and complaint to Defendant at "Republic Square, Government House I, Melik Adamyan St, 0010, Yerevan, Armenia." Dkt. No. 16 at 1.[1] An answer to the complaint was due on December 8, 2025, but no answer has been filed as of this Order.

    The Court finds that the Notice and Acknowledgment of Service is deficient. "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Federal Rule of Civil Procedure 4. *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). "A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608." Fed. R. Civ. P. 4(j)(1). That section of the U.S. Code provides, in relevant part, that:

---

[1] The Court cites to the ECF page number for this document.

> [s]ervice in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:
>> (1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or
>> (2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents[.]

28 U.S.C. § 1608(a).

Plaintiff has failed to put forth evidence of a special arrangement between himself and Armenia under subsection (a)(1). Although Plaintiff has also failed to put forth evidence of the applicability of an international convention on service under subsection (a)(2), the Court notes that Armenia is a signatory to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents ("Hague Convention"). *Wells Fargo Bank, N.A. v. Khachatryan*, 2021 WL 5862454, at *2 (C.D. Cal. Sept. 20, 2021). "Each signatory [of the Hague Convention] has established a nerve center, which receives the papers and then effects service on the named party unless such service would offend the nation's sovereignty or security." *Doe I v. State of Israel*, 400 F. Supp. 2d 86, 102 (D.D.C. 2005). Plaintiff has not provided evidence that the address to which he mailed the summons and complaint is Armenia's established "nerve center."

Accordingly, the Court, on its own motion, orders Plaintiff to show cause in writing **within fourteen (14) days of this Order** why this action should not be dismissed for lack of proper service. Failure to do so will result in the dismissal of this action without prejudice. As an alternative to a written response by Plaintiff, the Court will consider the filing of one of the following as an appropriate response to this Order to Show Cause, on or before the above date, as evidence that the matter is being prosecuted diligently:

- A renewed Proof of Service setting forth compliance with 28 U.S.C. § 1608(a); or
- Response to the Complaint by Defendant.

**IT IS SO ORDERED.**